# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR 212-023 |
| ) | |
| STEPHEN A. KEATING ) | |
| ) | |
| ) | |
| Defendant ) | |

## GOVERNMENT'S INITIAL STATEMENT REGARDING DISCOVERY AND FIRST DISCOVERY DISCLOSURE

NOW COMES THE UNITED STATES OF AMERICA, by and through Edward J. Tarver, United States Attorney for the Southern District of Georgia, and makes its initial statement regarding discovery in this case and second discovery disclosure, all as follows:

**A.    Initial Statement Regarding Government's Discovery Policy**

The Government will have a liberal discovery policy in this case. This means that without conceding the merits of any motions which may be filed by the Defendant, the Government believes that no undue burden, restriction, or hindrance in the development by investigation or the presentation upon trial of this case would result from full disclosure to the Defendant of the <u>evidentiary</u> contents of the Government case file, saving only those notes and mental impressions made by the United States Attorney or his assistants from investigative material in preparation for trial, inter- and intra-agency correspondence, regulations, procedures, manuals, etc., regarding matters of policy, strategy, or as a part of discretionary decision-making processes, and other exceptions as may be set out below.

The Government case file does not contain, nor by this response does the Government represent that it will undertake to seek out or create, witness lists, government agent personnel files, intended orders of proof for trial, or expositions of the Government's theory of the case and inferential contentions to be made from the evidence. To the extent that Defendant's demands may include such items, the Government objects to their production or creation. The Government's "work product" has long been exempt and protected from defense perusal. United States v. Marth, 42 F.R.D. 432 (1967). Because of the liberal and extensive discovery to be provided, there is no bona fide need for a list of witnesses. United States v. Draine, 811 F.2d 1419, 1421 (11th Cir.), cert. denied, 484 U.S. 827 (1987). The Defendant may construct a list of likely government witnesses from the discovery provided.

Absent specific reference to incidents of misconduct which are likely documented in a personnel file, production of same is an invasion of privacy not justified by legitimate discovery needs, and would serve only to chill the exercise of due diligence on the part of investigators in discharging their law enforcement duties.

The creation of lists, summaries, orders of proof, and previews of the Government's theory of the case and inferential jury arguments do not constitute the discovery of evidence in that such things are not evidence. That they might be of help to Defendant in crafting a trial strategy, fashioning testimony, or tailoring arguments does not change their character as attorney work product.

The Government will make available for copying or furnish copies of all materials discoverable under Rule 16, Fed.R.Crim.P., and the Jencks Act (18 U.S.C. §3500) as soon as practical, beginning at arraignment and continuing thereafter. Though not necessarily

constituting Jencks Act materials, investigative reports of federal, state, and local agencies containing information pertinent to the proof of the Government's case-in-chief (DEA-6's, FBI 302's, GBI reports of investigation, local police incident reports, and other such summaries of investigative activities), as well as statements or summaries of interview with persons who will not be called as witnesses (provided any such exist), will be provided in like manner.

Except to the extent that such information is exculpatory, arguably favorable to a Defendant, or is impeaching with respect to the testimony of a government witness, the Government will not disclose or produce, unless ordered by the Court, internal agency regulations regarding informants, the names of any agents and prosecutors who met with any informants, the regulations of crime laboratories that performed tests, or the names and addresses of all persons known who might have some knowledge of the facts of the case. Such requests are far outside the scope of discovery contemplated by Fed. R. Crim. P. 16 or the Jencks Act.

The addresses and other identifying information of potential government witnesses and others with information relevant to this case, to the extent the Government possesses same, are contained in the information to be produced. The Government will not "make available for interview" any potential witnesses, as no such persons are within the control of the Government, and, in any event, each potential witness is possessed of the right to speak or not speak pretrial to any party as a matter of the witness' personal choice. The Government does not undertake to advise witnesses as to their exercise of this choice, nor dissuade them from speaking pretrial to any party.

The Government will not object to independent scientific tests and analyses of its physical exhibits, so long as such tests are not destructive nor likely to denigrate the integrity of

the exhibit, are conducted by recognized authorities or experts in the pertinent fields of study, are conducted in a manner accepted within the scientific community as reasonably likely to yield reliable results, and physical custody is maintained by government agents during the course of tests or analyses.  The Government will not waive the requirement that a detailed proposal for any independent testing be submitted to the court, Barnard v. Henderson, 514 F.2d 744 (5th Cir. 1975), nor will the Government supply primary reference samples of controlled substances, United States v. Williams, 613 F.2d 560, 563 (5th Cir. 1980).  Physical items the Government intends to or may use in its case-in-chief will be maintained under conditions necessary to the protection of the integrity of the exhibit and chain of custody by the law enforcement agencies currently in physical possession of the items.  Inspection of such items may be arranged by appointment convenient to the parties through the investigative agency in custody of such items. The nature and number of physical items in the Government's possession will appear from scientific and investigative reports provided as discovery in accordance with this notice.

The Government will not undertake as discovery the identification of information relating to the calculation of the appropriate guidelines nor disclose its calculations of potential guideline sentences.  Such things are work product and legal opinion, and do not bind the Government or the court.  Even if a Defendant elects to enter a guilty plea, there is no requirement that the Government furnish a guidelines calculation prior to the entry of the plea.  United States v. Bradley, 905 F.2d 359 (11th Cir. 1990); United States v. Rivera, 898 F.2d 442 (5th Cir. 1990). The Government by the liberal discovery positions taken above should not be taken to have agreed to provide information or evidence admissible only in rebuttal or as impeachment.  The Government cannot know in advance what evidence might be admissible in rebuttal or as

impeachment, nor from what source it might be drawn.

There was no nonconsensual electronic surveillance (i.e., wiretapping) undertaken in connection with this investigation.

To the extent that Grand Jury transcripts contain information which would otherwise be discoverable consistent with this notice, i.e., probable <u>Jencks</u> material, transcripts will be provided upon receipt (usually within 30-45 days after indictment) to Defendant in the same manner as statement summaries and investigative reports, without any requirement for particularized showings of need or further order of the court, as provided by the court's standing order memorialized in Local Rule LCrR 16.1.

The Government does not maintain and will not seek out clerical information about the grand jury, its members, or their manner of selection, absent order of the court after a threshold showing of relevancy and need. Grand jury proceedings are entitled to a presumption of regularity. <u>United States v. Molinares</u>, 700 F.2d 647, 651 n.6 (11th Cir. 1983); <u>United States v. Johnston</u>, 685 F.2d 934, 938 (5th Cir. 1982), <u>cert. denied</u>, 460 U.S. 1053 (1983).

Search warrants, returns, and inventories, pen registers, originating message lists, and subscriber information, and other similar investigative materials, will be provided in the same manner as Rule 16 and <u>Jencks</u> materials.

The Government will oppose as incapable of meaningful response motions seeking identification of evidence arguably subject to suppression. The Government is providing discovery of the evidence in its possession. The Government contends that none of it is subject to suppression, and, absent an explicit expression to the contrary, the Government intends to use all of it.

Likewise, preliminary motions to suppress are incapable of meaningful response until they are particularized with respect to the evidence sought to be suppressed, facts relating to its acquisition by the Government, and the legal basis for the suppression sought.

The Government will provide all materials of an exculpatory or arguably favorable nature, together with all information pertaining to its witnesses of an arguably impeaching nature, as soon as practicable after they are received by the U.S. Attorney's Office. This will include "RAP" sheets for defendants and witnesses, plea agreements, promises of leniency, or grants of immunity to any witness, prior bad acts of witnesses to the extent they are known to the Government, prior inconsistent statements, misidentifications, or the like. The Government recognizes its continuing duty to provide such materials as they become available.

This intention to provide exculpatory, arguably favorable, or impeaching information on an immediate and continuing basis should not be construed so as to relieve each Defendant of making particularized demands and showings of materiality and need for specifically identified items, for while the Government fully intends a good faith effort to identify and produce materials under its obligation as defined by Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), United States v. Agurs, 427 U.S. 97 (1976), and their progeny, characterizations of particular items or information as falling within that obligation may differ, and a Defendant may find exculpatory or impeaching use of an item of information in a manner not apparent to or anticipated by the Government. Likewise, nothing herein should be construed to relieve a Defendant of the obligation to acquire on his own matters of public record.

Because of the discovery the Government will unilaterally provide, as detailed herein, the Government will oppose all requests for bills of particulars. Because of the liberal and extensive

discovery provided, there can be no legitimate claim of surprise at trial. Bills of particulars are not discovery devices, and are not designed as a means by which the Government trial strategy may be previewed by the defense through compelled listings of Government contentions, theories of the case, inferential arguments, or the evidentiary details and minutiae of Government investigation and trial preparation. The proper function of a bill of particulars is to sufficiently inform the Defendants of the acts for which they are charged to allow the Defendants to adequately prepare a defense and effect their protection against double jeopardy. Overton v. United States, 403 F.2d 444 (5th Cir. 1968); United States v. Little, 562 F.2d 578 (6th Cir. 1977); United States v. Addonizio, 451 F.2d 49 (3d Cir. 1972).

The Government will not oppose motions to preserve evidence or rough notes. However, the Government will oppose disclosure of such materials absent a threshold showing of relevancy and need. (By rough notes is meant contemporaneous recordation of matters of investigation and evidence, not the notes made by prosecutors in preparation for trial, which are attorney work product and not discoverable.)

The Government will neither oppose nor concur in motions for additional peremptory challenges, to participate in voir dire, to provide funds for experts and investigative assistance, to adopt motions, to file more motions, and other such motions that are directed to the discretionary conduct of the proceedings by the trial court.

**The attention of counsel is drawn to Local Rule LCrR 16.1, prohibiting the dissemination of discovery material beyond that necessary to the preparation of the Defendant's defense.**

**B.** **The Following Discovery Materials Are Provided Pursuant to the above Policy**

**Statement and LCrR 16:**

**1.      Relevant written or recorded statements or confessions of Defendant:** The Defendants's statements made during the investigation are provided.

**2.      Relevant results or reports of physical or mental examinations, and/or scientific tests or experiments:** There have been no physical or mental examinations of which the Government is aware. Scientific analysis reports will be provided as received.

**3.      Relevant testimony of the Defendant before the Grand Jury:** None.

**4.      Books, papers, documents, tangible objects, buildings, or places which are property of the Defendant:** See agent's reports.

**5.      Defendant FBI identification sheet/criminal record:** Included, as known at this time. A copy of the defendant's conviction for Manufacture/Production of Marijuana from Long County, GA (1991) was provided at the defendant's initial appearance on November 16, 2012.

**6.      Evidence favorable to the Defendant:** None known at this time.

**7.      Information described in LCrR 16 for which production by the Government is declined and the grounds therefor:** None.

**C.      Copies of the Following Discovery Items Have Been Made Available to Counsel:**

1.      Search Warrants, Applications and Affidavits issued prior to December 13, 2012, in case MJ12-G33 (all documents remain under seal with leave of court to disclose to defense for use in discovery);

**2.**    Investigative file contents Bates stamped USAO-1 through USAO-52;

**3.**    Media storage devices and of other items seized from the defendant can be examined at the HSI Field Office in Savannah, Georgia, upon coordination with the Government.

                                                                   Respectfully submitted,

                                                                   EDWARD J. TARVER
                                                                   UNITED STATES ATTORNEY

                                                                   *//s// Jennifer G. Solari*

                                                                  Jennifer G. Solari
                                                                 Assistant United States Attorney
                                                                 District of Columbia Bar No. 987167

Post Office Box 8970
Savannah, Georgia 31401
Telephone No: 912-652-4422

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 13th day of December, 2012

                                      EDWARD J. TARVER
                                      UNITED STATES ATTORNEY

                                      *//s// Jennifer G. Solari*

                                      Jennifer G. Solari
                                      Assistant United States Attorney
                                      District of Columbia Bar No. 987167

Post Office Box 8970
Savannah, Georgia 31401
Telephone No: 912-652-4422