| | |
|---|---|
| Minimum Mandatory | Yes |
| Rule 35/5K1.1 | No |
| Appeal Waiver | Yes |
| Forfeiture | Yes |
| Abandonment | Yes |
| Other (FOIA) | Yes |

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

U.S. DISTRICT COURT
Southern District of Georgia
Filed in Office

_____ M.
Feb. 5, 20 13
_____
Deputy Clerk

UNITED STATES OF AMERICA )
)
v.                        )        CR 212-023
)
STEPHEN A. KEATING        )
    Defendant             )


## SUMMARY OF PLEA AGREEMENT

**DEFENSE COUNSEL**:         C. Nathaniel Merritt

**ASSISTANT U.S. ATTORNEY**:   Jennifer G. Solari

**OFFENSES CHARGED**:

Counts 1-14:        18 U.S.C. § 2251(a)
                    Sexual Exploitation of a Minor

Count 15:           18 U.S.C. § 2252A(a)(1)
                    Transporting Material Involving Sexual Exploitation of Minors

Count 16:           18 U.S.C. § 2252A(a)(5)(B)
                    Possession of Child Pornography


**COUNTS PLEADING TO**:

Counts 8, 13, and 14:   18 U.S.C. § 2251(a)
                        Sexual Exploitation of a Minor

Count 15:               18 U.S.C. § 2252A(a)(1)

Transporting Material Involving Sexual Exploitation of Minors

**PENALTY:**

| | |
|---|---|
| Counts 8, 13, and 14:<br>(each count) | Imprisonment for not less than fifteen nor more than thirty years;<br>A fine of up to $250,000, or both;<br>Restitution as required by 18 U.S.C. § 2259;<br>A term of supervised release of 5 years to life; and<br>A special assessment of $100. |
| Count 15: | Imprisonment for not less than 5 nor more than 20 years;<br>A fine of up to $250,000, or both;<br>A term of supervised release of 5 years to life,<br>Restitution as required by 18 U.S.C. § 2259; and<br>A special assessment of $100. |

**ELEMENTS**

**Counts 8, 13, and 14**    **Sexual Exploitation of a Minor:**

**First:**    An actual minor, that is, a real person who was less than 18 years old, is depicted;

**Second:**    The Defendant knowingly used, persuaded, induced, enticed, or coerced one or more minors to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct;

**Third:**    The visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

**Count 15**    **Transporting Material Involving Sexual Exploitation of Minors:**

**First:**    The defendant knowingly transported a visual depiction in interstate or foreign commerce by any means, including by computer;

**Second:**    Producing the visual depiction involving using a minor engaged in sexually explicit conduct;

**Third:**    The depiction shows a minor engaged in sexually explicit conduct; and

**Fourth:**    The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

**SUMMARY OF GOVERNMENT'S PROMISES**:

The Government agrees:

- To dismiss Counts 1-7, 9-12, and 16 in the Indictment, however, the Defendant understands and agrees that the Court may consider conduct in said counts as relevant conduct for purposes of determining the defendant's sentencing range pursuant to Section 1B1.3 of the Sentencing Guidelines;
- To dismiss Indictment CR212-022;
- Not to object to a recommendation from the probation officer that the Defendant receive a two-level reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines, and to move for the third offense level point reduction based upon the timeliness of his plea, provided the Defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the Defendant is accountable under the United States Sentencing Guidelines;
- To forebear further criminal prosecution of the Defendant arising from the Defendant's truthful statements regarding child pornography or child exploitation offenses in any pre-sentencing interview or polygraph examination conducted by investigative agents of Homeland Security Investigations (HSI), which forebearance does not bind any other federal, state, or local agencies or prosecuting authorities; and
- To present to the Court at sentencing a summary of information or assistance provided by the Defendant leading to accurate and timely identification of victims or perpetrators of child exploitation and other criminal offenses.

**SUMMARY OF DEFENDANT'S PROMISES**:

The Defendant agrees:

- To plead guilty to Counts 8, 13, 14, and 15 in the Indictment;
- To submit to an interview with agents of Homeland Security Investigations (HSI) prior to sentencing, during which interview the Defendant will truthfully admit all conduct relevant to the charged offenses and identify all victims of such conduct;
- To agree that any information provided during a pre-sentencing interview with agents of the Government may be included in the Presentencing Report and considered by the Court to determine the sentence in this case;
- To submit to a polygraph examination if requested by the Government, which examination will be limited to the Defendant's knowledge of and participation in child pornography and child exploitation offenses;

- To waive all rights under the Speedy Trial Act, if necessary, to delay sentencing until the completion of Defendant's pre-sentencing interview with HSI, and the administration of Defendant's polygraph examination, if such polygraph examination is requested by the government within a reasonable time, so as to provide the sentencing court with all relevant information;
- To acknowledge at the time of the plea the truth of the "Factual Basis" contained in the plea agreement;
- To pay on the date of sentencing any assessments imposed by the Court;
- To make full and accurate disclosure of his financial affairs to the United States;
- To agree to the entry of a Restitution Order pursuant to 18 U.S.C. § 2259 for the full amount of the victims' losses as determined by the Court;
- To forfeit to the United States immediately and voluntarily in any administrative and/or judicial proceeding, all of the defendant's interests in any and all matter which contains visual depictions of minors engaged in sexually explicit conduct in violation of any of the charged offenses, and any and all property used or intended to be used in any manner or part to commit and promote the commission of the charged offenses, which matter and property are more fully described in this Plea Agreement;
- To abandon any of the defendant's rights and interests in the firearms alleged in Indictment CR212-022;
- To waive appeal except in certain limited circumstances (as more fully set forth in this Plea Agreement);
- To waive certain rights under the Freedom of Information Act and the Privacy Act (as more fully set forth in this Plea Agreement).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 212-023 |
| | ) | |
| STEPHEN A. KEATING | ) | |
| Defendant | ) | |

## PLEA AGREEMENT

Jennifer G. Solari, Assistant United States Attorney, attorney for the Government, and C. Nathaniel Merritt, attorney for Defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of Defendant, entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment styled above, and a Plea Agreement has been reached by said parties in the following respects:

### 1.   GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT

Upon Defendant's entry of a plea of guilty to Counts 8, 13, 14, and 15 of the Indictment, Defendant's full compliance with all promises made hereinafter as a part of this Plea Agreement, and Defendant's adherence to all representations and understandings recited hereinafter, the attorneys for the Government will do the following:

     a.    Dismiss Counts 1-7, 9-12, and 16 in the Indictment;

     b.    Dismiss Indictment CR212-022;

     c.    Not object to a recommendation from the probation officer that the Defendant receive a two-level reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines, and to move for the third

truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the Defendant is accountable under the United States Sentencing Guidelines; and

      c.      Forebear further criminal prosecution of the Defendant arising from the Defendant's truthful statements regarding child pornography or child exploitation offenses in any pre-sentencing interview or polygraph examination conducted by investigative agents of Homeland Security Investigations (HSI), which forebearance does not bind any other federal, state, or local agencies or prosecuting authorities; and

      d.      Present to the Court at sentencing a summary of information or assistance provided by the Defendant leading to accurate and timely identification of victims or perpetrators of child exploitation and other criminal offenses.

## 2.      DEFENDANT'S OBLIGATIONS UNDER THIS AGREEMENT

The obligations of Defendant under this Plea Agreement are as follows:

      a.      Defendant agrees to plead guilty to Counts 8, 13, 14, and 15 in the Indictment.

      b.      Defendant agrees to submit to an interview with agents of Homeland Security Investigations (HSI) prior to sentencing,  during which interview the Defendant will truthfully admit all conduct relevant to the charged offenses and identify all victims of such conduct.

c.      Defendant agrees that any information provided during a pre-sentencing interview with agents of Homeland Security Investigations (HSI) may be included in the Presentencing Report and considered by the Court to determine the sentence in this case.

d.      Defendant agrees to submit to a polygraph examination if requested by the Government, which examination will be limited to the Defendant's knowledge of and participation in child pornography and child exploitation offenses.

e.      Defendant agrees to waive all rights under the Speedy Trial Act, if necessary, to delay sentencing until the completion of Defendant's pre-sentencing interview with HSI, and the administration of Defendant's polygraph examination, if such polygraph examination is requested by the government within a reasonable time, so as to provide the sentencing court with all relevant information.

f.      Defendant will acknowledge at the time of the plea of guilty the truth of the facts set forth herein.

g.      Defendant agrees to the entry of a Restitution Order pursuant to 18 U.S.C. § 2259 for the full amount of the victims' losses as determined by the Court.

h.      Defendant agrees to pay the mandatory special assessment of $400 to the U.S. District Court Clerk at or before sentencing.

i.      Defendant agrees to forfeit to the United States immediately and voluntarily in any administrative and/or judicial proceeding, all of the defendant's interests in any and all matter which contains visual depictions of minors engaged in sexually explicit conduct in violation of any of the charged offenses, and any and all property used or intended to be used in any manner or part to commit and promote the commission of the charged offenses, including:

    a. a FujiFilm FinePix S5000 camera;

    b. a Nikon D80 camera;

    c. a CanonPowershot SX200 camera;

    d. a SanDisk 16G flash drive, SN BL1106WZOB;

    e. a 1998 Suzuki Samurai;

    f. an Apple MacBook Pro laptop computer, SN W89191848Q2;

    g. a Nikon 8008 camera;

    h. a Sony 55 camera;

    i. an Acer Aspire One laptop; SN LUS850Y0059200AD742500;

    j. a Dell Studio 1737 laptop; SN BH5D6J1;

    k. a Toshiba Satellite Model A215-S4697 laptop computer; SN 77542270K;

    l. a Seagate GoFlex 1TB external hard drive; SN NA0B5WKB;

    m. a Toshiba 160G external hard drive; SN Z89SF0LJSCS5;

    n. a SanDisk 8G flash drive; SN BI1007QHUN.

The Defendant agrees to take whatever steps and actions are necessary to pass clear title to the United States as to the property described above or any other forfeitable property, including, but not limited to, surrender of title, the signing of consent decrees of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees to take any steps necessary to pass marketable title to the United States before the defendant's sentencing.

    j. Defendant further agrees to abandon any of the defendant's rights and interests in the firearms listed in Indictment CR212-022, which are:

    a. Norinco, Model "SKS," 7.62X39 caliber semi-automatic rifle;

b.  a Sturm Ruger, Model "Blackhawk," .357 caliber revolver;

c.  a Davis Industries, Model "DM22," .22 caliber derringer;

d.  a Walther, Model "P38," 9mm semi-automatic pistol;

e.  a Tanfoglio, Model "PTA76," .22 caliber revolver,

f.  a Walther, Model "PPK/S," .380 caliber semi-automatic pistol;

g.  a Remington, Model "700," .308 caliber bolt action rifle;

h.  a Marlin, Model "336," 30-30 caliber lever action rifle;

i.  a Marlin, Model "336CS," 35 caliber lever action rifle;

j.  a Mossberg, Model "500C," .20 gauge pump action shotgun;

k.  a Savage, Model "FOX Model B," .12 gauge double barreled SxS shotgun;

l.  a Savage, Model "170," 30-30 caliber pump action rifle; and

m.  a Fabrica De Armas, Model "La Coruna 4950," .762 caliber bolt action rifle,

k.  Defendant agrees to a limited waiver of appeal described hereafter.

l.  Defendant agrees to the FOIA/Privacy Act waiver described hereafter.

## 3.  **LIMITED WAIVER OF APPEAL**

To the maximum extent permitted by federal law, Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: (1) Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and (2) Defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found

by the sentencing court.  Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, Defendant may also file a direct appeal of the sentence.

### 4.    FACTUAL BASIS

Defendant understands that the nature of the charge to which the plea is offered involves proof as to Counts 8, 13, 14, and 15 in the Indictment.  Defendant agrees to acknowledge the factual basis for Counts 8, 13, 14, and 15 set forth below during the change-of-plea hearing, and Defendant further understands that his plea of guilty constitutes proof of Counts 8, 13, 14, and 15.

    a.  The Defendant agrees that at all times relevant to Counts 8, 13, 14, and 15 of the Indictment, the minors at issue were in the Defendant's care and under his supervision.

    b.  The Defendant agrees that the Defendant engaged in a continuing course of conduct against J.J., E.J., and C.W. by using, persuading, enticing, and coercing the minors to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct.

    c.  As to Count 8, the Defendant agrees that:

On or about June 24, 2011, in the Southern District of Georgia, the Defendant,

### STEPHEN A. KEATING,

did knowingly use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, to wit, MVI_0325.mov and MVI_0337.mov, which visual depictions were produced using materials, that is, a SanDisk 16GB thumb drive that had

been mailed, shipped, and transported in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. Sections 2251(a) and (e).

d.  As to Count 13, the Defendant agrees that:

On or about October 4, 2011, in the Southern District of Georgia, the Defendant,

### STEPHEN A. KEATING,

did knowingly use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, to wit, MVI_0748.mov, which visual depictions were produced using materials, that is, a SanDisk 16GB thumb drive that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. Sections 2251(a) and (e).

e.  As to Count 14, the Defendant agrees that:

On or about November 17, 2011, in the Southern District of Georgia, the Defendant,

### STEPHEN A. KEATING,

did knowingly use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, to wit,  MVI_0813.mov, which visual depictions were produced using materials, that is, a SanDisk 16GB thumb drive that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, all in violation of 18 U.S.C. Sections 2251(a) and (e).

f.  As to Count 15, the Defendant agrees that:

Between in or around July, 2010, and on or about September 25, 2012, in the

Southern District of Georgia, the defendant,

**STEPHEN A. KEATING,**

did unlawfully and knowingly transport child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which visual depictions are more fully described below, using a means or facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(1), 2256(8)(A), and 2252A(b)(1).

| File Created On Or About: | File Name(s) |
|---|---|
| 07/11/10 | DSC0139.jpg, DSC0148.jpg, DSC0149.jpg |
| 11/12/10 | DSC0153.jpg, DSC0154.jpg, DSC0157.jpg, DSC0160.jpg, DSC0164(2).jpg, DSC0178.jpg |
| 12/10/10 | 134515731814.jpg, 134524048686.jpg, DSC_0004.jpg, DSC_0009.jpg, DSC_0011.jpg, DSC_0029.jpg, DSC_0030.jpg, DSC_0031.jpg, DSC_0062.jpg, DSC_0063.jpg, DSC_0064.jpg, DSC_00645.jpg DSC_0066.jpg, DSC_0067.jpg, DSC_0068.jpg |
| 03/09/11 | IMG_0004.jpg, IMG_0005.jpg |
| 08/21/11 | IMG_0600.jpg, IMG_0604.jpg, IMG_0605.jpg, IMG_0606.jpg, |

| | IMG_0607.jpg |
|---|---|
| 09/09/11 | IMG_0696.jpg, IMG_0697.jpg |
| 10/14/11 | 134530786489.jpg |

g. The Defendant further agrees that the Defendant produced the images alleged in Count 15 of the Indictment.

h. The Defendant further agrees that the Defendant used a computer to distribute the images alleged in Count 15 of the Indictment.

## 5.    DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT

A.    Defendant understands and agrees that nothing in this Plea Agreement shall abrogate the duty and right of the Government to bring all sentencing facts to the attention of the sentencing court, and Defendant further agrees that the Government shall not be bound to make any recommendation under this Plea Agreement if to do so would directly contradict facts relevant to the offense conduct or Defendant's prior conduct or criminal history, which first come to the attention of the Government, or are confirmed as true, only after the signing of this Plea Agreement.

Defendant also understands that the Court is not a party to this Plea Agreement, that the Government can only make recommendations which are not binding on the Court, and that after the entry of Defendant's guilty plea, Defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law – as to Counts 8, 13, and 14, not less than 15 years nor more than 30 years imprisonment, a fine of up to $250,000 (or

both), restitution as required by 18 U.S.C. Section 2259, a term of supervised release of five years to life, and a special assessment of $100 per count; and as to Count 15, not less than five nor more than 20 years imprisonment, a fine of up to $250,000 (or both), restitution as required by 18 U.S.C. Section 2259, a term of supervised release of five years to life, and a special assessment of $100.

Defendant further advises the Court that Defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court, and that the United States Probation Office will consider <u>all</u> of Defendant's conduct related to the offense to which he is pleading, which may include conduct related to Counts of the Indictment which were or are to be dismissed or for which Defendant was acquitted, as well as Defendant's criminal history, and that these facts will be considered by the Court in determining Defendant's sentence. Defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by Defendant's counsel or the United States Attorney. **Defendant advises the Court that Defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than Defendant expected or, in the case of relevant conduct, is found to be more extensive than Defendant has admitted to, Defendant will still have no absolute right to withdraw the guilty plea.**

Defendant also understands that in accordance with <u>United States v. Booker</u>, the Court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence.

Defendant further understands that by pleading guilty, **defendant will be required to register as a sex offender upon his release from prison** as a condition of his supervised release

pursuant to 18 U.S.C. 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.

## B. FINES, ASSESSMENTS, AND FORFEITURES

Defendant understands that any assessments imposed pursuant to 18 U.S.C § 3013 by the Court at sentencing must be paid on the date of sentencing.

Pursuant to 18 U.S.C. § 2259, Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(b)(3) and (c) as may be proved by the United States or stipulated to by the parties. Defendant acknowledges that the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.

Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. Defendant further agrees to comply with any restitution order entered into at the time of sentencing. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant agrees to make full restitution for the provable losses caused by defendant's activities. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

Defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, Defendant agrees that, before sentencing, Defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by Defendant. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since November 15, 2012, including the location of the assets and the identity of the third party or parties.

The parties will jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. See 18 U.S.C. § 3664(k), (n).

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

The Defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons'

Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

Defendant further understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which Defendant has an interest, whether by administrative, civil, or judicial proceeding, Defendant shall meet with a member of the Financial Litigation Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth Defendant's assets and liabilities as of the date of the offense. Defendant further understands that by completing the financial statement, Defendant is representing that it is true and accurate to the best of Defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

### C. FOIA AND PRIVACY ACT WAIVER.

Defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by Defendant in this Plea Agreement or otherwise; HOWEVER, notwithstanding any right on the part of Defendant to post-conviction litigation, Defendant, as a part of this Plea Agreement and in consideration of the promises made by the Government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

## 6. **DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT**

A.     Defendant represents to the Court that Defendant has had the services of an attorney Defendant believes to be competent; that Defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss Defendant's case and receive advice; that Defendant has been truthful with his attorney and related all information of which Defendant is aware pertaining to the case; that Defendant and Defendant's attorney have discussed possible defenses, if any, to the charges in the information, including the existence of any exculpatory or favorable evidence or witnesses, discussed Defendant's right to plead not guilty and compel a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, Defendant's right to testify in Defendant's own behalf, or to remain silent and have no adverse inferences drawn from Defendant's silence; and that Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

B.     Defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by Defendant is the result of prior discussions between the attorney for the Government and the attorney for Defendant, conducted with Defendant's authorization, knowledge and consent; that this Plea Agreement contains the entire agreement and understanding between the Government and Defendant; and that Defendant has no other agreements, understandings, or deals with any person other than those set out in this Plea

Agreement, that is, Defendant advises the Court that Defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

        C.      Defendant represents to the Court that Defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty Defendant gives up all of the rights set out above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. Defendant further understands that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered. Defendant understands that Defendant will be under oath and on the record in answering those questions,

and that Defendant's answers may later be used against Defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

*(Signatures for Stephen A. Keating Plea Agreement follow on pages 20-21)*

*(Signatures for Stephen A. Keating Plea Agreement)*

This ___15th___ day of _January_, 2013.

EDWARD J. TARVER
UNITED STATES ATTORNEY

Brian T. Rafferty
Assistant United States Attorney
Chief, Criminal Division

Jennifer G. Solari
Assistant United States Attorney

I have read this Plea Agreement, consisting of 21 pages, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

Stephen A. Keating
Defendant

C. Nathaniel Merritt
Attorney for Defendant

1 - 11 - 13
Date

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 212-023 |
| | ) | |
| STEPHEN A. KEATING, | ) | |
| | ) | |
| Defendant | ) | |

## O R D E R

The aforesaid Plea Agreement, having been considered by the Court in conjunction with

the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the

defendant's motion to change plea and the Court finding that the plea of guilty is made freely,

voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by the defendant be and it is hereby accepted

and the foregoing Plea Agreement be and it is hereby ratified and confirmed.

This _6_ day of _February_, 2013.

_____
HONORABLE LISA GODBEY WOOD
CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA