# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2:12-CR-0023 |
| v. | ) | |
| | ) | |
| STEPHEN A. KEATING, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR ISSUANCE OF TEMPORARY  INJUNCTION TO RESTRAIN PRE-SENTENCE DISSIPATION OF ASSETS

Plaintiff, United States of America, by and through its attorneys, Edward J. Tarver, United States Attorney for the Southern District of Georgia, and Jennifer G. Solari, Assistant United States Attorney, moves this Court pursuant to the All Writs Act, 28 U.S.C. § 1651, for an order restraining Defendant Stephen A. Keating, and his representatives, attorneys, agents, family members, and assigns from transferring, selling, encumbering, spending, attempting or completing any action that would affect or diminish the marketability or value of the property of or under the control of the Defendant, to specifically include any retirement accounts, and authorizing the Government to record a notice of *lis pendens* on any property owned or controlled by the Defendant, or file any other documents to ensure the property is preserved for restitution. The Government seeks the restraint of assets of the Defendant so that they are available for, among other things, restitution pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

A memorandum in support of this Motion is filed herewith.

**EDWARD J.TARVER**
United States Attorney

*//s// Jennifer G. Solari*

**JENNIFER G. SOLARI**
Assistant United States Attorney
District of Columbia Bar No. 987167
Post Office Box 8970
Savannah, Georgia 31401
Telephone No: 912-652-4422

Attorneys for Plaintiff
United States of America

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 27th day of March, 2013 served a copy of the

foregoing **MOTION FOR ISSUANCE OF TEMPORARY INJUNCTION TO RESTRAIN**

**PRESENTENCE DISSIPATION OF ASSETS** to the following addressee:

> C. Nathaniel Merritt
> Merritt & Grinstead
> P.O. Box 1610
> Hinesville, GA 31313-8610
> *Counsel for Defendant Stephen A. Keating*


> __//s// *Jennifer G. Solari*_____
> Jennifer G. Solari
> Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2:12-CR-0023 |
| v. | ) | |
| | ) | |
| STEPHEN A. KEATING, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION FOR ISSUANCE OF TEMPORARY INJUCTION TO RESTRAIN PRESENTENCE DISSIPATION OF ASSETS**

Plaintiff, United States of America, by and through its attorneys, Edward J. Tarver, United States Attorney for the Southern District of Georgia, and Jennifer G. Solari, Assistant United States Attorney, moves this Court pursuant to the All Writ's Act, 28 U.S.C. § 1651, for an order restraining Defendant Stephen A. Keating, and his representatives, attorneys, agents, family members, and assigns from transferring, selling, encumbering, spending, attempting or completing any action that would affect or diminish the marketability or value of the property of or under the control of the Defendant, to specifically include any retirement accounts, and authorizing the Government to record a notice of *lis pendens* on any property owned or controlled by the Defendant, or file any other documents to ensure the property is preserved for restitution. The Government seeks the restraint of assets of the Defendant so that they are available for, among other things, restitution pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

## FACTUAL BACKGROUND

On February 5, 2013, Defendant Stephen A. Keating entered a Plea Agreement, which this Court accepted, as to Counts 8, 13, and 14, which includes three separate offenses of 18 U.S.C. § 2251(a), Sexual Exploitation of a Minor.  (Doc. 19).  Defendant's Plea Agreement also included Count 15, a single offense of 18 U.S.C. § 2252A(a)(1), Transporting Material Involving Sexual Exploitation of Minors.  (Id.)  Such offenses are among those for which restitution is mandatory under the MVRA.  See 18 U.S.C. § 3663A(c).  The Government believes the victims have suffered and will continue to suffer financial losses for costs associated with counseling, medical treatment, lost wages, and travel, and will seek a restitution order for all such losses at sentencing.

According to information discovered following Defendant's plea, the Government has reason to believe that Defendant is the owner, payee, and/or beneficiary of a 401K Retirement Account managed by Principal Financial Group, valued at $183,870, and a defined benefits retirement plan that will provide $2,345 monthly when the defendant is eligible to collect it. Pursuant to the MVRA, these pension funds may be subject to seizure under the provisions of the Federal Debt Collection Procedure Act (FDCPA).  28 U.S.C. §§ 3203 to 3206.[1]

## ARGUMENT

Under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, through which the government enforces orders of restitution as well as other debts owed the United States, the Court is authorized to use the All Writs Act, 28 U.S.C. § 1651, to support any of the remedies set forth in the FDCPA.  See 28 U.S.C. § 3202(a).  Indeed, the All Writs Act has

---

[1] *See* 18 U.S.C. § 3613(a), which states, in part, "[t]he United States may enforce a judgment imposing a fine in accordance with the practices for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to the property of the person fined…"

been successfully used in a variety of circumstances to restrain a defendant from dissipating assets, including, as here, after conviction but before sentencing.  For example, in *United States v. Numisgroup Intl. Corp.*, 169 F.Supp.2d 133, 138 (E.D.N.Y. 2001),[2] the government moved under the All Writs Act to restrain 26,600 coins, seized via search warrant, as collateral in anticipation of a restitution order to be imposed at sentencing.  In finding authority under the Act to restrain assets where "sentencing and a substantial Order of Restitution is imminent" and defendant has few other assets, the court noted that the All Writs Act grants courts the power to enjoin and bind parties and non-parties when such action is necessary "to preserve the Court's ability to reach and in force its decision in a case over which it has proper jurisdiction."  *Id.*, (citation omitted).

Following conviction, 18 U.S.C. § 3613(a) allows the United States to enforce a criminal judgment,[3] "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or state law."  Under the FDCPA, specifically 28 U.S.C. § 3205, "a court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor...."  Taken along with the MVRA, Courts have consistently found that criminal restitution orders may be enforced by garnishing retirement funds.  *See United States. v. Novak*, 476 F.3d 1041, 1043 (9th Cr. 2007); *see also United States v. Wilson*, CR 305-008, 2007 WL 4557774 (S.D. Ga. Dec. 20, 2007).

The Court has the power to restrain assets between the time of conviction and the time of sentencing so that assets are available to comply with the upcoming restitution order.  28 U.S.C.

---

[2] In *Numisgroup International,* a district court denied defendant's motion to vacate an order restraining defendant's coin collection valued at $430,000 where "sentencing and a substantial Order of restitution is imminent" and defendant had virtually no other assets.  *Numisgroup Int'l Corp.,* 169 F.Supp.2d at 137–39.
[3] Restitution is enforceable in the same manner as a fine.  18 U.S.C. § 3613(f).

§ 1651; *see e.g. United States v. Gates*, 777 F.Supp. 1294, 1296  n.7 (E.D.Va. 1991) (noting that trial court has authority to order a defendant awaiting sentencing not to dispose of his assets to ensure meaningful ability to impose a proper sentence and "to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation.").

In this case, Defendant has pleaded guilty and no longer has the benefit of the presumption of innocence.  Thus, the relief the Government seeks is not speculative in nature. The Government seeks to restrain Defendant's ability to dissipate his assets to ensure that they remain available until sentencing so that the Court may properly assess costs, fines, and restitution under the sentencing guidelines and applicable statutes.  Defendant will not be irreparably harmed by the Court's grant of this Motion.  Unlike forfeiture cases, the Court's Order would not seize Defendant's assets- but simply ensure that he preserves them until the Court imposes its sentence.

Once Defendant is sentenced, various remedies are available to the government under the MVRA and the FDCPA to enforce collection of the restitution obligation; however, none of the available remedies can be instantly implemented.  More importantly, none of these remedies prevent Defendant, while awaiting sentencing, from dissipating his assets or otherwise secreting, wasting or placing them beyond the reach of his victim or the Government.  In short, none reasonably ensures the effectiveness of the Court's future restitution order. Only the restraining order can serve this function and, accordingly, the United States requests an order restraining

sale or dissipation of assets, including Defendant's Pension fund, so that the balance therein is available for restitution.

Dated:  this 27th day of March, 2013

**EDWARD J.TARVER**
United States Attorney

*//s// Jennifer G. Solari*

**JENNIFER G. SOLARI**
Assistant United States Attorney
District of Columbia Bar No. 987167
Post Office Box 8970
Savannah, Georgia 31401
Telephone No: 912-652-4422

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2:12-CR-0023 |
| v. | ) | |
| | ) | |
| STEPHEN A. KEATING, | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED TEMPORARY RESTRAINING ORDER**

This matter is before the Court on the motion of Plaintiff, United States of America, for a restraining order pursuant to the All Writs Act, 28 U.S.C. § 1651, which provides the Court with authority to enter a restraining order and to take such other action in connection with any property subject to an order of restitution to ensure its availability for restitution.

Based upon the briefs and arguments of counsel and upon all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendant, **STEPHEN A. KEATING**, his agents, representatives, servants, employees, attorneys, family members and those persons in active concert or participation with him, and anyone holding property, both real and personal, including escrow or bank accounts, and retirement accounts owned or controlled by Defendant, be and are hereby enjoined and restrained from selling, transferring, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of or removal from the jurisdiction of this Court, or removal from any retirement, escrow, or bank account of all or part of the defendant's interest, direct or indirect, in all property, real or personal, without prior

9

approval of the Court and upon notice to the United States and an opportunity for the United States to be heard.  The United States is hereby authorized to record a notice of *lis pendens* on any real property owned or co-owned by defendant, or file any other documents to ensure the property is preserved for restitution.

The property subject to this order includes, but is not limited to, the defendant's interest, whether joint or exclusive, in any RETIREMENT, ESCROW OR BANK ACCOUNT, AND REAL PROPERTY, or RELATED FINANCIAL INSTRUMENT.

The United States is authorized and directed to personally serve a copy of this order on Defendant, counsel for the Defendant, and any other entity or individual the Government believes may be in control or possession of property of defendant affected by this order, except that financial institutions outside the Southern District of Georgia may be served by certified mail.

**IT IS SO ORDERED** this _____th day of March, 2013.

_____
Hon. Lisa G. Wood, U.S. District Court Judge