IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| VS. | * | CASE NO. 2:12-CR-00022 |
| | * | 2:12-CR-00023 |
| | * | |
| STEPHEN A. KEATING, | * | |
| | * | |
| Defendant | * | |

## SENTENCING MEMORANDUM REGARDING RESTITUTION CALCULATION

Defendant STEPHEN KEATING files this Sentencing Memorandum, objecting to the restitution calculations provided by the U.S. Probation Office, in accordance with the Federal Rules of Criminal Procedure.

## INTRODUCTION

Defendant STEPHEN KEATING appeared before this Court on February 5, 2013, and entered a guilty plea to Counts 8, 13, 14, and 15, of Indictment 2:12CR00023-1. The U.S. Probation Office subsequently prepared a Presentence Report, Addendum, and Recommendation. Within the U.S. Probation Office's Recommendation is restitution calculated at $1,194,027.54. Restitution for Mr. Keating's crimes is controlled by 18 U.S.C. § 2259, which allows victims to recover the full amount of losses incurred for medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; attorneys' fees, as well as other costs incurred; and any other losses suffered by the victim as a proximate result of the offence. The statute defines a victim as an individual harmed as a result of the commission of a crime under this chapter. 18

U.S.C. § 2259(c). The Government bears the burden of proving the amount of a victim's losses by a preponderance of the evidence, and a court must resolve any disputes as to the proper amount or type of restitution, using the same preponderance of the evidence standard. 18 U.S.C. § 3664(e). Mr. Keating is currently awaiting sentencing and files this Sentencing Memorandum addressing objections to the restitution amounts and calculation methods provided by the U.S. Probation Office.

**ARGUMENT AND CITATION TO AUTHORITY**

1. The recommended restitution amounts for future counseling costs and travel expense for victims J.J. and E.J. are not supported by evidence of need for continuous, therapy until age 70. The Government must establish, by a preponderance of the evidence, that victims J.J. and E.J. will require continuous therapy, a restitution amount inclusive of weekly treatments until the age of 70 is excessive.

Restitution requests for future counseling and treatment expenses should be granted when accompanied by supporting evidence of the need for continued treatment and evidence of expense for such treatments. U.S. v. Lundquist, 847 F. Supp. 2d 364 (N.D.N.Y.2001). The restitution request in Lundquist included a detailed assessment and evaluation by a forensic psychologist, which recommended a therapy plan for weekly treatments with additional periods of more intense treatment sessions over the course of a lifetime. Id. Estimations of expense of future treatments were calculated by an economist and included. Id.

The requested restitution amounts against Mr. Keating have been calculated to reflect continuous therapy treatments and travel expenses until the ages of 70 for victims J.J. and E.J. Unlike the request in Lundquist, J.J. and E.J.'s psychological assessments, performed by Dr. Diana L. Walther, recommends weekly therapy sessions for at least the

next year with an estimated expense of $6500.00, per each patient. Dr. Walther further advises that both victims are likely to need additional therapy at key developmental stages in life, such as when J.J. and E.J. start dating, when they have long-term relationships, or have children of their own, but Dr. Walther has not estimated treatment expense beyond one year of therapy. Dr. Walther has not recommended a treatment plan of weekly therapy until the age of 70.

Mr. Keating acknowledges the recommendations of Dr. Walther and supports a restitution amount inclusive of past, recommended, and needed future therapy treatments. Mr. Keating objects however to a restitution recommendation that is inclusive of unsupported weekly treatments and travel expenses until age 70, when such a treatment plan has not been proposed by Dr. Walther. A specific psychological opinion has been voiced by Dr. Walther and restitution for treatments unsupported by her opinion are without need and excessive.

2. The recommended restitution amounts for J. and L. are not appropriate because J. and L. do not meet the status of "victim" as defined by 18 U.S.C. § 2259(c) which states that "victim" means the individual harmed as a result of a commission of a crime under this chapter. The clear victims of Mr. Keating's crimes are J.J. and E.J. Courts have uniformly concluded children depicted in child pornography are victims as defined in § 2259. US. V. Tallent, 872 F. Supp. 2d 679 (E.D. Tenn. 2012). Also as stated in US. v. McDaniel, 631 F.3d 1204 (11th Cir. 2011), "the minors depicted in child pornography are the primary victims not only when the photographs are taken but also when they are subsequently transported or distributed from one person to another."

The recommended restitution for J.'s travel expense, when seeking treatment and assessments for J.J. and E.J., is properly founded in the purpose of mandatory restitution

under § 2259 and acknowledged by Mr. Keating; however, Mr. Keating objects to the additional recommended restitution amounts for J.'s own counseling visits and L.'s counseling visits, lost wages, medical expenses, mileage, and electronics. J. and L. are the mother and grandmother of J.J. and E.J. and neither J. or L. have been victimized by Mr. Keating's crimes.

## **CONCLUSION**

Mr. Keating's crimes have victimized J.J. and E.J. and accordingly, a restitution amount based on calculations of reasonable certainty should be ordered. Mr. Keating acknowledges that restitution for J.J. and E.J.'s past, present, and recommended treatments and travel expenses, as proposed by Dr. Diana L. Walther, is likely to be calculated with reasonable certainty. Mr. Keating objects to a recommended restitution amount inclusive of future travel expenses and treatments outside of the recommendation and psychological opinion of Dr. Diana L. Walther. Mr. Keating objects to a recommended restitution amount inclusive of proposed losses by J. and L. because they are not victims of Mr. Keating under 18 U.S.C. § 2259(c).

/s/C. Nathaniel Merritt
C. Nathaniel Merritt
Attorney for Defendant
State Bar #502841


Merritt & Grinstead
Post Office Box 1610
Hinesville, GA 31310
PHONE: (912) 369-6000

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing pleadings by hand/mail delivery, and if by mail, I certify that adequate postage was affixed thereto, to:

        Jennifer Solari
        Special Assistant US Attorney
        22 Barnard Street, Ste 300
        Savannah, Georgia 31412

        Scot R. Riggs
        U.S. Probation Officer
        Southern District of Georgia
        801 Gloucester Street, Room 222
        Brunswick, Georgia 31520

Dated: This 25th day of July, 2013.


        /s/ C. Nathaniel Merritt
        C. Nathaniel Merritt
        Attorney for Defendant
        State Bar #502841


Merritt & Grinstead
P.O. Box 1610
Hinesville, GA 31310
(912) 369-6000