UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CR-00023-1 |
| | ) | |
| STEPHEN A. KEATING, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| SNF HOLDING COMPANY DEFINED | ) | |
| BENEFIT RETIREMENT PLAN, | ) | |
| CONTRACT NUMBER 4-47475, | ) | |
| C/O PRINCIPAL LIFE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Garnishee. | ) | |

## RESPONSE IN OPPOSITION TO
## DEFENDANT'S REQUEST FOR HEARING

The United States of America, by and through the undersigned Assistant United States Attorney, hereby opposes Defendant's Request for a Hearing and asks the Court to deny Defendant's Request. This response is supported by the following and all matters of record:

### Background and Procedural History

On September 6, 2013, a Judgment in a Criminal Case was entered against the Defendant-Judgment Debtor, Stephen A. Keating ("Keating"). Dkt. No. 37. As part of the judgment, Keating was ordered to pay restitution in excess of one million dollars, which remains largely outstanding.

Shortly after sentencing, the Government filed an *unopposed* Motion to Collect Restitution Payments from Defendant's Known Retirement Accounts, including the SNF Holding Company Defined Benefit Retirement Plan ("Defined Benefit Plan") that is the subject of the instant

garnishment proceeding. Dkt. No. 34. As stated in that motion, "the Defendant, through counsel, [ ] agreed to take all necessary steps to apply for retirement under the Defined Benefit Plan on or before April 23, 2015." *Id*. at ¶ 9. On September 6, 2013, the Court granted the motion and ordered the Defendant to take all necessary action to retire under the rules of his [Defined Benefit Plan] on or before April 23, 2015 and that 80% of all payments issued from the Defined Benefit Plan would be applied to his restitution debt. Dkt. No. 36.

On July 6, 2015, the United States filed an *Ex Parte* Application for Writ of Continuing Garnishment to levy on the Defined Benefit Plan. Dkt. No. 70. On July 9, 2015, the United States sent a copy of the issued Writ to the Garnishee via certified mail. Dkt. No. 73. On July 13, 2015, a copy of the Issued Writ, the Clerk's Notice of Post-Judgment Garnishment, and the Government's Instructions to the Debtor were mailed to Keating. *Id*.

On July 28, 2015, the Defendant filed a Request for a Hearing. Dkt. No. 75. The Defendant is requesting a hearing because: (1) he disagrees with the reason that the government gives for taking his property; (2) he does not owe money to the government; and (3) the property that the government seeks to take is exempt.

The Garnishee's Answer has not yet been filed.[1]

**Legal Argument**

The statute governing the enforcement of judgments contains a provision allowing a judgment debtor to request a hearing. *See* 28 U.S.C. § 3202(d). The statute provides:

> By requesting . . . the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within five days after receiving the request or as soon thereafter as possible. *The issues at such hearing shall be limited --*

---

[1] The Government has received a service copy of the Garnishee's Answer, but the Answer has not at the time of this response been added to the docket.

(1) to the probable validity of any claim of exemption by the judgment debtor;

(2) to compliance with any statutory requirement for the issuance of the post judgment remedy granted; and

(3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to –

   (A) the probable validity of the claim for the debt which is merged in the judgment; and

   (B) the existence of good cause for setting aside such judgment.

*Id.* (emphasis added). "Although the Act states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (citations omitted).

The judgment in this case was not entered by default, but rather by Defendant's guilty plea. Dkt. No. 37. Therefore, pursuant to Section 3202(d), any hearing in this case would necessarily be limited to two issues: (1) the probable validity of Keating's claim of exemption and (2) the Government's compliance with the statutory requirements for the garnishment process. *See* 28 U.S.C. § 3202(d). Because Keating does not allege that the Government failed to comply with the required statutory procedure, the *sole* issue to be addressed at any hearing on this garnishment would be the "the probable validity" of Keating's claim of exemption. It is well-established, however, that retirement benefits such as Keating's Defined Benefit are not exempt from garnishment. The Court need not expend its time and resources on a hearing for Keating to futilely argue otherwise.

The Mandatory Victims Restitution Act of 1996 ("MVRA") explicitly limited the

3

exemptions available for criminal restitution orders and gave the United States broad enforcement powers like those available to the IRS for tax debtors. *See* 18 U.S.C. § 3613; 26 U.S.C. § 6334. Section 3613 "treats a restitution order under the MVRA like a tax liability. This means that any property the IRS can reach to satisfy a tax lien, a sentencing court can also reach in a restitution order." *United States v. Hosking*, 567 F.3d 329, 335 (7th Cir. 2009) (citing 18 U.S.C. § 3613(c)).

While Keating has made a generic claim of exemption, he has not identified which specific exemption(s) allegedly apply. *See* Dkt. No. 75. Even if Keating had been more specific, it would not change the result: his Defined Benefit Plan does not fall under any of the enumerated exemptions under Section 3613.[2] Moreover, numerous courts—including the 11th Circuit—have held that a debtor's retirement accounts are not exempt from garnishment to satisfy criminal restitution. *See, e.g., United States v. Fussell*, 567 F. App'x 869 (11th Cir. 2014) (affirming district court's order allowing garnishment of pension fund); *United States v. DeCay*, 620 F.3d 534, 541 (5th Cir. 2010) (concluding that the MVRA authorizes the government to garnish retirement benefits, notwithstanding anti-alienation provisions); *United States v. Novak*, 476 F.3d 1041, 1049 (9th Cir. 2007) (holding that the MVRA, notwithstanding the anti-alienation provision of ERISA, authorized the enforcement of restitution orders against retirement plan benefits).

Lastly, the Government contends that a hearing is not warranted in light of the Court's September 6, 2013 Order, which instructed that, following Keating's retirement, 80% of all payments from the Defined Benefit Plan shall be applied to restitution. Dkt. No. 36. The very essence of that Order depended on the Court's conclusion that Keating's retirement plan was not

---

[2] Specifically, the listed exemptions provide an exemption from tax levy for: (1) wearing apparel and school books; (2) fuel, provisions, furniture and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments of railroad workers and military personnel; (7) workers compensation benefits; (8) child support; (10) service related disability payments; and (12) assistance under the Job Training Partnership Act. *See* 18 U.S.C. § 3613(a)(1) (incorporating exemptions contained in 26 U.S.C. § 6334(a)(1)-(8), (10), (12)).

4

exempt from enforcement.  Additionally, Keating did not oppose the Government's motion following sentencing to collect restitution from his Defined Benefit Plan.  To the contrary, Keating agreed to take the necessary steps to retire under the terms of the plan to facilitate said collection.  Dkt. No. 34 at ¶ 9 ("Defendant, through counsel, [ ] agreed to take all necessary steps to apply for retirement under the Defined Benefit Plan on or before April 23, 2015."  Keating should not be allowed the opportunity for a second bite at the apple to now argue that the same benefits are exempt.

In sum, Keating has not identified a valid claim for exemption—nor could he with respect to his Defined Benefit Plan.  Under these circumstances it is appropriate for the Court to deny Keating's request for a hearing.  *See United States v. Jenkins*, No. 3:05-CR-244, 2014 WL 202007, at *3 (E.D. Va. Jan. 17, 2014) ("[D]istrict courts in this circuit and elsewhere appear to uniformly deny exemption hearing requests where the defendant debtor fails to identify a valid claim for exemption or the government's noncompliance with statutory requirements); *United States v. Bullock,* No. 3:03CR218, 2011 WL 486233, at *2 (W.D.N.C. Feb. 7, 2011) ("Defendant has raised no valid objection to the Writ of Garnishment.   He is not, therefore, entitled to either a hearing on the request for Writ . . . ."); *United States v. Calcutt*, No. 1:04CR72, 2006 WL 2938853, at *2 (W.D.N.C. Oct. 12, 2006) ("Even if it is assumed that the Defendant intended to move to quash the writ, the only issues would be the validity of the exemptions and the Government's compliance with procedural rules. Since there are no such issues, no hearing is required.").

## Conclusion

For these reasons, the United States respectfully asks the Court to deny Keating's request for a hearing.

[signature on following page]

This 30th day of July, 2015.

                                      Respectfully submitted,

                                      EDWARD J. TARVER
                                      United States Attorney

                                      */s/ Kindra M. Baer*
                                      Assistant United States Attorney
                                      Georgia Bar Number 145077
                                      Post Office Box 8970
                                      Savannah, Georgia   31412
                                      Telephone: (912) 652-4422
                                      Facsimile: (912) 652-4227
                                      Kindra.Baer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2015, I served all of the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court, and by mailing a copy, via U.S. Mail to the Garnishee and Defendant at:

Garnishee
SNF Holding Company
Contract Number 4-47475
c/o Principal Life Insurance Company
711 High Street
Des Moines, IA 50392-0301

Stephen A. Keating
Reg. No. 17704-021
USP TUCSON
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734

*/s/ Kindra M. Baer*
Assistant United States Attorney