# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| STEPHEN A. KEATING, | |
| Petitioner, | CIVIL ACTION NO.: 2:14-cv-182 |
| v. | |
| UNITED STATES OF AMERICA, | |
| | (CASE NO. 2:12-cr-23) |
| Respondent. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Stephen Keating ("Keating"), who is currently incarcerated at the United States Penitentiary in Tucson, Arizona, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 contesting his sentence obtained in this Court. (Doc. 1.)[1] The Government filed a Motion to Dismiss, (doc. 11), and Keating filed a Response. (Doc. 12.) For the reasons which follow, it is my **RECOMMENDATION** that the Government's Motion be **GRANTED**, Keating's Motion be **DISMISSED**, and this case be **CLOSED**. I also **RECOMMEND** that Keating be **DENIED** a Certificate of Appealability and **DENIED** *in forma pauperis* status on appeal.

## BACKGROUND

Keating was indicted in this Court on fourteen counts of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e); one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1), 2256(8)(A), and 2252A(b)(1); and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(A),

---

[1] This Order is filed in both Case No. 2:14-cv-182, and Keating's original criminal action, Case No. 2:12-cr-23. However, except as otherwise indicated, all record citations will be to Case No. 2:14-cv-182.

and 2252A(b)(2). Indictment, United States v. Keating, 2:12-cr-23 (S.D. Ga. Dec. 6, 2012), ECF No. 1. Keating was also indicted for being in possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), in a separate case. Indictment, United States v. Keating, 2:12-cr-22 (S.D. Ga. Dec. 6, 2012), ECF No. 1. Keating pleaded guilty in Case Number 2:12-cr-23 to three (3) counts of sexual exploitation of a minor and to one count of distribution of child pornography via a plea agreement with the Government. In return, the Government dismissed the remaining counts of the Indictment in Case Number 2:12-cr-23 and the sole count of the Indictment in Case Number 2:12-cr-22. Change of Plea & Plea Agreement, United States v. Keating, 2:12-cr-23 (S.D. Ga. Feb. 5, 2013), ECF Nos. 18, 19. The Honorable Lisa Godbey Wood, Chief Judge, sentenced Keating on July 29, 2013, to 360 months' imprisonment on each count of sexual exploitation of a minor and to 240 months' imprisonment on the distribution of child pornography count, to be served consecutively, for a total of 1,320 months' imprisonment. Min. Entry, United States v. Keating, 2:12-cr-23 (S.D. Ga. July 29, 2013), ECF No. 29. Chief Judge Wood continued the sentencing hearing to determine the issue of restitution. After hearing from the parties, Chief Judge Wood ordered Defendant to pay $1,284,363.94 in restitution to his victims. Judgment was entered on September 6, 2013. J., United States v. Keating, 2:12-cr-23 (S.D. Ga. Sept. 6, 2013), ECF No. 37. Keating did not file an appeal.[2]

## DISCUSSION

Keating deposited his Motion to Vacate, Set Aside, or Correct his Sentence in the prison mailing system on December 16, 2014, (doc. 1, p. 15), and his Motion was docketed in this

---

[2] The Court notes that, in certain places in his Motion, Keating indicates he filed an appeal. (See e.g., Doc. 1, pp. 7–8.) However, a search of PACER records with the Eleventh Circuit Court of Appeals failed to reveal any appeal filed by anyone with the last name of "Keating" after January 1, 2010. https://ecf.ca11.uscourts.gov/cmecf/servlet/TransportRoom?servlet=CaseSearch.jsp, last accessed on Sept. 14, 2015.

Court on December 29, 2014. Keating asserts his counsel rendered ineffective assistance by advising him to enter a guilty plea without benefit of having filed pretrial motions or conducting any investigation into this case. (Doc. 1, p. 6.) Keating contends the trial court committed clear error by failing to assess the case and appealable issues and granting counsel's motion to withdraw. (Id. at p. 8.) Keating maintains he entered a guilty plea "in the absence of a negotiated plea agreement at counsel's advice and urging due, in part, to the fact that the defendant was, at that time, mentally incapacitated and not competent to knowingly and intelligently enter a plea of guilty." (Id. at p. 10.) Finally, Keating asserts the sentence imposed against him is cruel and unusual punishment because he was sentenced to nearly four times as much time in prison as Congress envisioned for a first time offender. (Id.)

The Government avers Keating's Motion was untimely filed and should be dismissed for this reason. (Doc. 11, p. 3.) The Court now addresses the Government's assertion.

**I.  Whether Keating's Motion was filed timely**

To determine whether Keating's Motion was filed in a timely manner, the Court must look to the applicable statute of limitations periods. Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id..

Keating was sentenced to 1,320 months' imprisonment on July 29, 2013, and the Court's final judgment was entered on September 6, 2013. Min. Entry & J., United States v. Keating, 2:12-cr-23 (S.D. Ga. July 29, 2013, & Sept. 6, 2013), ECF Nos. 29, 37. Keating had fourteen (14) days, or until September 20, 2013, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Keating did not file an appeal, he had until September 20, 2014, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). Keating did not execute his § 2255 motion until December 16, 2014, which was nearly three months after the expiration of the applicable statute of limitations period. Consequently, Keating's petition is untimely under § 2255(f)(1).

Keating contends in his Motion that it was timely filed because he had until December 29, 2014, to file a timely Section 2255 motion, though he offered no explanation for this date. In response to the Government's Motion to Dismiss, Keating maintains his conviction was not final until such time as allowed for filing a Notice of Appeal had expired, which would have been on or before October 10, 2013. Again, Keating offers no explanation for this date. Keating states he then had 90 days after October 10, 2013, to file a petition for writ of certiorari.[3]

---

[3] A petition for the writ of certiorari is to be filed within 90 days of the appellate decision to be attacked. Warmus v. United States, 253 F. App'x 2, 4 (11th Cir. 2007) (noting that, unless the movant files a timely petition for certiorari with the United States Supreme Court, the judgment of conviction becomes final once "the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). As there is no appellate decision to be attacked in this case, Keating cannot avail himself to the 90 days allowed for the filing of a petition of a writ of certiorari.

4

Thus, Keating asserts he had one year from January 9, 2014, or until January 9, 2015, to file a timely Section 2255 motion. (Doc. 12, p. 2.)

Keating's assertions that his Motion is timely are without merit. First, and as noted above, Keating did not file an appeal, and his conviction became "final" fourteen days after Chief Judge Wood entered final judgment against him on September 6, 2013. Accordingly, Keating's conviction became final on September 20, 2013, and that is the operative date for purposes of Keating's filing of the instant Motion. 28 U.S.C. § 2255(f)(1). Keating does not offer any argument or reason for the Court to consider whether he is entitled to the benefit of the statute of limitations periods set forth in the subsections of Section 2255(f)(2), (3), and (4). Keating's Section 2255 Motion, which was deposited in the prison mail system on December 16, 2014, was not filed timely and is due to be dismissed for this reason. The Government's Motion to Dismiss should be **GRANTED**.

## II.     Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Keating leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Keating has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of the Government's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Government's Motion to Dismiss be **GRANTED**, Keating's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**, and this case be **CLOSED**. I also **RECOMMEND** that Keating be **DENIED** a Certificate of Appealability and be **DENIED** *in forma pauperis* status on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Keating and the Government.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of September, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA